**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Arcenio C.,**
**Petitioner Below, Petitioner**

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 11-1111** (Boone County 10-D-338)

**Mollie C.,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Arcenio C., by counsel Peter A. Hendricks, appeals the June 27, 2011 order of the Circuit Court of Boone County denying his petition for appeal from the final order of the family court. Respondent Mollie C., by counsel Steven M. Thorne, has filed a response and a supplemental appendix.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On June 3, 2011, the family court entered its "Final Order of Divorce," which petitioner appealed to the Circuit Court of Boone County. By order entered on June 27, 2011, petitioner's appeal to the circuit court was denied. On appeal, petitioner alleges that the family court erred in denying him parenting time with his child until such time as he could prove he was legally in the country, and also that the family court erred in calculating child support payments in an amount that attributed his wages as an electrician because he was forced to resign from that position. Respondent argues that because petitioner used various forms of false identification to obtain employment during the course of their marriage, the family court properly attributed his prior wages in calculating child support because he could have continued in his employment. Further, respondent argues that the circuit court's requirement as to petitioner providing identification in order to obtain parenting time was based upon the fact he posed a significant flight risk due to his numerous aliases.

"In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's appeal.

1

For the foregoing reasons, we find no error in the decision of the circuit court and its June 27, 2011 order denying petitioner's appeal is affirmed.

Affirmed.

**ISSUED:** January 14, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II